## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

**JAMES GEORGE DOURIS**    :
           :  **CIVIL ACTION NO.**
    **Plaintiff,**   :    **03-CV-3076**
           :
    **v.**       :
           :
**GENUARDI'S FAMILY MARKETS** :  **FILED VIA ECF**
           :
    **Defendant.**   :

## ORDER

   AND NOW, this ___ day of _____, 2004, upon consideration of Defendant

Genuardi's Family Market's Motion for Summary Judgment and Memorandum of Law in

support thereof, and Plaintiff James George Douris' response thereto, if any, Defendant's Motion

is **GRANTED**.  Judgment is entered in favor of Defendants and against Plaintiff as to all

remaining counts of the Complaint.

        BY THE COURT:


             _____

                    J.

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES GEORGE DOURIS** | : | |
| | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **03-CV-3076** |
| | : | |
| **v.** | : | |
| | : | |
| **GENUARDI'S FAMILY MARKETS** | : | **FILED VIA ECF** |
| | : | |
| **Defendant.** | : | |

## DEFENDANT GENUARDI'S FAMILY MARKETS'
## MOTION FOR SUMMARY JUDGMENT

Defendant Genuardi's Family Markets ("Genuardi's"), by and through its attorneys, hereby moves this Court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the remaining claims of Plaintiff James George Douris ("Mr. Douris"). In support of this Motion, Genuardi's states as follows:

1.     On or about May 20, 2003, Mr. Douris filed a Complaint alleging violations of the Americans with Disabilities Act ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), the First Amendment of the United States and Pennsylvania Constitutions, 42 U.S.C. § 1983 ("Section 1983"), and the common law of Pennsylvania.

2.     In his Complaint, Mr. Douris alleges that Genuardi's has and continues to harass him by sending him its weekly circulars. Mr. Douris further alleges a claim for products liability based on the fact that he found a hair in a sandwich he purchased from Genuardi's Newtown Store. He has also brought claims against Genuardi's for violation of Section 1983 and the First Amendment of the United States and Pennsylvania Constitutions. Finally, Mr. Douris alleges violations of Title III of the ADA and the PHRA based upon Genuardi's alleged failure to provide him with reasonable accommodations while shopping at its Newtown Store.

3.     By Order dated February 4, 2004, this Court dismissed Mr. Douris' common law claims for products liability and harassment.  Therefore, at this time, Mr. Douris' claims under Section 1983, the First Amendment of the United States and Pennsylvania Constitutions, the ADA and the PHRA remain. For the reasons set forth below and in its Memorandum of Law in Support of this Motion, which is incorporated by reference herein, Genuardi's now moves for summary judgment with respect to these remaining claims.

4.     Mr. Douris has brought a cause of action against Genuardi's under Section 1983. However, Genuardi's is a retail grocery store and Mr. Douris has failed to allege that Genuardi's was acting under color of state law when it allegedly discriminated against him on the basis of his disability.

5.     Similarly, Mr. Douris has failed to allege that Genuardi's engaged in activity that was so closely intertwined with the state to make Genuardi's a state actor for this purpose. Accordingly, Genuardi's is entitled to entry of summary judgment in its favor with respect to Mr. Douris' Section 1983 claims.

6.     Mr. Douris has failed to establish the requisite state action by Genuardi's to support his claims for violation of the United States and Pennsylvania Constitutions.  In fact, Mr. Douris has alleged no facts whatsoever in support of these claims and, therefore, they fail as a matter of law.

7.     Mr. Douris did not file a charge with the Pennsylvania Human Relations Commission ("PHRC") prior to bringing suit in court and, therefore, failed to exhaust his administrative remedies with respect to his PHRA claims.  As such, Mr. Douris' PHRA claims necessarily fail as a matter of law.

8.     Mr. Douris alleges several violations of Title III of the ADA in his Complaint. Specifically, Mr. Douris contends that Genuardi's discriminated against him on the basis of his disability for failing to remove certain architectural barriers in its Newtown, Pennsylvania store.

9.     Mr. Douris seeks to recover monetary damages for the violations alleged in his Complaint.  However, under Title III of the ADA, monetary damages are not available to private parties.  Injunctive relief in the form of an order to alter the facilities that are not in compliance with Title III to make them accessible to individuals with disabilities is the only remedy available to Mr. Douris for the alleged violations of Title III of the ADA.

10.     Genuardi's Newtown Store has, however, removed all of the architectural barriers alleged in Mr. Douris' Complaint that it was required to remove under the ADA Accessibility Guidelines ("ADAAG").  There is no reasonable expectation that the alleged violations will recur and the alterations to the store have completely eliminated the effects of the alleged Title III violations.  Because the alleged architectural barriers have already been removed from Genuardi's Newtown Store, Mr. Douris has suffered no damage.  Therefore, Mr. Douris' claims under the ADA are moot and this Court has no jurisdiction to decide Mr. Douris' Title III claims. Genuardi's is entitled to judgment as a matter of law with respect to these claims.

WHEREFORE, for the reasons set forth above and in their Memorandum of Law, which is incorporated by reference herein, Defendant Genuardi's Family Markets respectfully requests that this Court grant its Motion for Summary Judgment and dismiss Mr. Douris' remaining claims in their entirety with prejudice.

Respectfully submitted,


/s/  Kristine Grady Derewicz
Kristine Grady Derewicz
Erika B. Fisher
Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102
(267) 402-3003
(267) 402-3131 - fax
kderewicz@littler.com
efisher@littler.com

Attorneys for Defendant
Genuardi's Family Markets


Dated: June 24, 2004

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES GEORGE DOURIS | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | 03-CV-3076 |
| | : | |
| v. | : | |
| | : | |
| GENUARDI'S FAMILY MARKETS | : | FILED VIA ECF |
| | : | |
| Defendant. | : | |

## DEFENDANT GENUARDI'S FAMILY MARKETS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant Genuardi's Family Markets ("Genuardi's") submits this Memorandum of Law

in support of its Motion for Summary Judgment against Plaintiff James George Douris ("Mr.

Douris").

## I.    INTRODUCTION

On or about May 20, 2003, Plaintiff brought suit in this Court against Genuardi's alleging

that Genuardi's had violated the Americans with Disabilities Act ("ADA"), the Pennsylvania

Human Relations Act ("PHRA"), 42 U.S.C. § 1983 ("Section 1983"), the First Amendment of

both the United States and Pennsylvania Constitutions, and the common law of Pennsylvania.

(A true and correct copy of Mr. Douris' Complaint is attached hereto as Exhibit A.)[1]  Because

the material facts are not in dispute and Genuardi's is entitled to judgment as a matter of law,

Genuardi's now seeks summary judgment as to all of Mr. Douris' remaining claims.

---

[1] By Order dated February 4, 2004, this Court dismissed Mr. Douris' common law claims for harassment
and products liability.  Mr. Douris' Section 1983, First Amendment, ADA and PHRA claims remain
intact.

## II.     STATEMENT OF UNDISPUTED FACTS

### A.     Overview of Genuardi's Family Markets

Genuardi's operates a retail grocery store at 2890 South Eagle Road, Newtown,

Pennsylvania (hereinafter referred to as "Genuardi's Newtown Store").  (Affidavit of Walter

Sowards [hereinafter referred to as "Sowards Aff."], which is attached hereto as Exhibit B, at ¶

6.)  Genuardi's leases the space for the operation of its Newtown store from Kramont Realty

Trust.  (Sowards Aff. at ¶ 7.)  In the past, Mr. Douris has been a customer of Genuardi's

Newtown Store.  (Complaint at ¶ 4, 23.)

## III.    ARGUMENT

### A.     Summary Judgment Standard.

Summary judgment is intended to avoid a useless trial.  R.W. Sims v. Mack Truck Corp.,

488 F. Supp. 592, 597 (E.D. Pa. 1980).  Summary judgment is appropriate under Federal Rule of

Civil Procedure 56 where "there is no genuine issue as to any material fact and the moving party

is entitled a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477

U.S. 317, 322 (1986); Salley v. Circuit City Stores, 160 F.3d 977, 980 (3d Cir. 1998).

A disputed fact is not "material" unless its resolution could affect the outcome of the

case, and a disputed fact is not "genuine" unless the evidence bearing on the disputed fact is such

that a reasonable person could find for the non-moving party.  Hozier v. Midwest Fasteners, Inc.,

908 F.2d 1155 (3d Cir. 1990).  In determining whether an issue of material fact exists, the Court

should consider all evidence in a light most favorable to the non-moving party.  White v.

Westinghouse Electric Co., 862 F.2d 56, 59 (3d Cir. 1988).

As the party seeking summary judgment, it is Genuardi's "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Id. at 323 (quoting Fed. R. Civ. P. 56(c)). Genuardi's, however, need not present affirmative evidence "negating the [plaintiff's] claim." Id. at 323 (emphasis in original). Rather, it is Mr. Douris' burden to "raise 'more than a mere scintilla of evidence in his favor' and he may not merely rely on unsupported assertions, conclusory allegations, or mere suspicions." Harley v. McCoach, 928 F. Supp. 533, 535 (E.D. Pa. 1996). The Supreme Court in Celotex reasoned:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex, 477 U.S. at 322.

Mr. Douris is charged with the burden of demonstrating that there is more than "'some metaphysical doubt as to the material facts.'" Williams v. Perry, 907 F. Supp. 838, 842 (M.D. Pa. 1995, aff'd, 72 F.3d 125 (3d Cir. 1995) (quoting Matsushita Electric Industrial Co., Ltd. v. Zenith v. Radio Corp., 475 U.S. 574, 586 (1986)). Mr. Douris cannot satisfy this burden by presenting evidence that is "merely colorable" or "not significantly probative." Anderson, supra at 249-50. Mr. Douris must come forward with specific admissible and credible evidence supporting each element essential to his case; mere conclusory allegations or denials are not enough. Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Such is the case here.

3

**B.      Mr. Douris' Claims Against Genuardi's For Violations Of Section 1983 Fail As A Matter Of Law Because Genuardi's Does Not Act Under Color Of State Law.**

In Count II of his Complaint, Mr. Douris alleges that Genuardi's violated Section 1983. Specifically, Mr. Douris contends that Genuardi's has failed to "provide the business to be accessible" and that Genuardi's has "restricted the use and Plaintiffs right to use the business open to the public. . . ." (Complaint ¶¶ 33-34.)

In order to prove liability under Section 1983, Mr. Douris must establish that "(1) the conduct complained of was committed by a person acting under color of state law, and (2) this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." A.D.E. Food Services Corp. v. City of Philadelphia, No. Civ. A. 95-7485, 1997 WL 631121, at *4 (E.D. Pa. October 9, 1997). In order for the actions of a private party to be considered state action for purposes of liability under Section 1983, they must be "fairly attributable" to the state. Id.

Although Mr. Douris purports to state a claim under Section 1983, he has failed to allege anywhere in his Complaint that Genuardi's was acting under color of state law when it allegedly discriminated against him on the basis of his disability. The "protections of § 1983 do not extend to private conduct violating individual rights no matter how abhorrent the conduct may be." Whitehead v. AM Intern., Inc., 860 F. Supp. 1280, 1286 (N.D. Ill. 1994) ("[s]tate action is an essential jurisdictional predicate under § 1983, and lack thereof warrants dismissal of the claim"). There has been no allegation that Genuardi's is either a state actor or "engaged in activity so closely intertwined with the state to be a state actor for this purpose." Flagg v. Control Data, 806 F. Supp. 1218, 1224 (E.D. Pa. 1992) (court found in favor of defendants on Section 1983 claim, stating that "defendants in this case are a private company and employees of

4

that company who have no association or special relationship with the state"). Therefore, Mr. Douris' Section 1983 claim against Genuardi's fails as a matter of law and should be dismissed.

### C.     Mr. Douris' First Amendment Claims Fail As A Matter Of Law Because Genuardi's Is Not A State Actor.

Counts I and V of Mr. Douris' Complaint are entitled, respectively "First Amendment And Americans With Disabilities Act. 42 U.S.C. §1983" and "Pennsylvania First Amendmen[t] and Pennsylvania Human Relations Act." However, Mr. Douris makes no further mention of his First Amendment allegations anywhere in the Complaint and adduces no facts whatsoever in support of these claims.

Mr. Douris' claims under the First Amendment of both the United States and the Pennsylvania Constitutions fail as a matter of law because Mr. Douris cannot establish the requisite state action on the part of Genuardi's. "For a plaintiff to assert a violation of his first amendment rights, plaintiff must establish that his rights of expression were infringed by a state action." Flagg, 806 F. Supp. at 1225; see also Cable Investments, Inc. v. Woolley, 867 F.2d 151, 162 (3d Cir. 1989) (First Amendment claim failed because plaintiff did not allege the requisite state action). In this case, Mr. Douris has failed to meet his burden of proving the existence of state action. Therefore, summary judgment should be granted in favor of Genuardi's with respect to Mr. Douris' First Amendment claims.[2]

---

[2] Mr. Douris has previously brought claims for alleged violations of the Pennsylvania Constitution before this Court. In Douris v. Schweiker, 229 F. Supp.2d 391 (E.D. Pa. 2002), the Court stated that the Pennsylvania Supreme Court had not ruled on the issue of whether there is a private cause of action for damages under the state constitution, and federal courts in the Third Circuit that have considered the issue have concluded that there is no such right under the Pennsylvania Constitution.

**D.    Mr. Douris Failed To Exhaust His Administrative Remedies With Respect To His PHRA Claims And, Therefore, They Fail As A Matter Of Law.**

Mr. Douris alleges that Genuardi's discriminated against him on the basis of his disability in violation of the PHRA.  (Complaint ¶¶ 50-60.)  Prior to filing suit under the PHRA, Mr. Douris must first have filed an administrative complaint with the Pennsylvania Human Relations Commission ("PHRC").  43 Pa. C.S.A. § 962(c); see also Douris, 229 F. Supp.2d at 402 ("[t]o bring suit under the PHRA, Pennsylvania law requires that a plaintiff must exhaust his administrative remedies before maintaining an action under that act").  Specifically, Section 962(c) of the PHRA provides that "[i]n cases involving a claim of discrimination, if a complainant invokes the procedures set forth in this act, that individual's right of action in the courts of the Commonwealth shall not be foreclosed."  43 Pa. C.S.A. § 962(c)(1).  In other words, the aggrieved individual must file a verified complaint with the PHRC before s/he may bring a cause of action in court.  43 Pa. C.S.A. § 959(a); see also Johnson v. SEPTA, 82 F. Supp.2d 420, 421 (E.D. Pa. 2000) (court dismissed non-employment related PHRA claims of a woman who alleged that she was detained by a police officer while she waited for a bus due to her failure to file a complaint with the PHRC prior to pursuing such a claim in court).

Mr. Douris has failed to allege anywhere in his Complaint that he filed a complaint with the PHRC prior to filing suit in federal court for alleged violations of the PHRA.  Accordingly, Genuardi's is entitled to judgment as a matter of law with respect to Mr. Douris' PHRA claims. See Clark v. Hess Trucking Company, 879 F. Supp. 524, 533 (W.D. Pa. 1995) (court granted summary judgment on PHRA claims, stating "[w]here a plaintiff has failed to file a charge of discrimination with the Commission prior to filing suit in district court, that plaintiff is foreclosed from pursuing remedies in federal court under the PHRA").

6

E.   **Mr. Douris' Claims Under Title III Of The ADA And The PHRA[3] Are Moot And Therefore Fail As A Matter of Law.**

1.   <u>Mr. Douris' Allegations Under Title III Of the ADA</u>

Mr. Douris alleges in his Complaint that Genuardi's Newtown Store is "not accessible to him in a wheelchair and with his hand impairments." (Complaint at ¶ 15.) Specifically, Mr. Douris alleges that:

a.   The red machine at the deli counter at Genuardi's Newtown Store, from which individuals pull numbers to determine their order in line[4], is not accessible because of Mr. Douris' hand and back impairments (Complaint at ¶ 19);

b.   The Turn-o-matic at Genuardi's Newtown Store is too high for an individual in a wheelchair (Complaint at ¶ 20);

c.   The Turn-o-matic at Genuardi's Newtown Store is blocked by the pickle barrel (Complaint at ¶ 21);

d.   The deli counter at Genuardi's Newtown Store is too high for an individual in a wheelchair (Complaint at ¶ 22);

e.   Mr. Douris is not provided with any help while shopping in Genuardi's Newtown Store (Complaint at ¶ 23);

f.   The customer service counter at Genuardi's Newtown Store is not accessible to an individual in a wheelchair (Complaint at ¶ 24);

g.   The copy machine at Genuardi's Newtown Store is not accessible to an individual in a wheelchair (Complaint at ¶ 25);

h.   The soft drink fountain at Genuardi's Newtown Store is not accessible to an individual in a wheelchair (Complaint at ¶ 25);

---

[3] In the event that the Court does not dismiss Mr. Douris' PHRA claims based upon his failure to exhaust his administrative remedies, the analysis applied to Mr. Douris' ADA claims applies equally to his PHRA claims, as the Pennsylvania courts generally interpret the PHRA in accord with its federal counterparts. See <u>Roche v. Supervalue, Inc.</u>, No. 97-2753, 1999 U.S. Dist. LEXIS 372, at *19 n.2 (E.D. Pa. Jan. 19, 1999). "The PHRA and ADA are interpreted in a co-extensive manner.  This is because the PHRA and ADA deal with similar subject matter and are grounded on similar legislative goals." <u>Imler v. Hollidaysburg American Legion</u>, 731 A.2d 169, 173 (Pa. Super. 1999); <u>see also</u> <u>Doe v. Kohn Nast & Graf</u>, 862 F. Supp. 1310, 1323 (E.D. Pa. 1994) (stating that the PHRA is analyzed the same way as the ADA).

[4] The "red machine at the deli counter at Genuardi's Newtown Store, from which individuals pull numbers to determine their order in line" is hereinafter referred to as the "Turn-o-matic."

i.      The salad bar at Genuardi's Newtown Store is not accessible to an individual in a wheelchair (Complaint at ¶ 25);

j.      The coffee machine at Genuardi's Newtown Store is not accessible to an individual in a wheelchair (Complaint at ¶ 25);

k.      The pickle barrel at Genuardi's Newtown Store is not accessible to an individual in a wheelchair (Complaint at ¶ 25);

l.      The prices on the products at Genuardi's Newtown Store are "not clear or big to read for the products" (Complaint at ¶ 26);

m.      Genuardi's Newtown Store has failed to "post the handicapped sign out side the building, as required" (Complaint at ¶ 28); and

n.      Genuardi's Newtown Store has "failed to install railings on all ramps, as required" (Complaint at ¶ 29).

2.      Overview of Title III of the ADA

Title III of the ADA provides that

[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).  "Discrimination" includes a failure to remove architectural barriers, if removal would be readily achievable.  42 U.S.C. §12182(b)(2)(A)(iv).  An aggrieved individual may bring a claim against a public accommodation for failing to remove barriers that are readily achievable.  In order to prevail, the plaintiff must show that (1) he is disabled; (2) he was discriminated against on the basis of that disability; (3) he was thereby denied goods or services; (4) by a place of public accommodation.  See Lewis v. Sheraton Society Hill, No. 96-7936, 1997 WL 397490, at *3 (E.D. Pa. July 10, 1997); Foremanye v. University of Pennsylvania, No. 96-3597, 1996 WL 684242, at *4 (E.D. Pa. November 21, 1996).  In other words, the plaintiff must demonstrate that a place of public accommodation failed to remove architectural barriers when such removal would be readily achievable, thereby denying him goods and/or services.  Once the

8

plaintiff makes this initial showing, the public accommodation has the opportunity to rebut this claim by demonstrating that removal of the disputed barrier could not be accomplished without much difficulty or expense. See Johnson v. Gambrinus Co./Spoetzl Brewery, 116 F.3d 1052, 1058 (5th Cir. 1997); Colorado Cross Disability Coalition v. Hermanson Family L.P., 264 F.3d 999, 1002-03 (10th Cir. 2001).

In order to prevail on his Title III claims, Mr. Douris must establish that Genuardi's Newtown Store is a public accommodation, that he was denied full and equal treatment and access to goods or services because of the disability, and that Genuardi's contains an architectural barrier that is prohibited under the ADA.[5] A "public accommodation" is defined as "a private entity that owns, leases (or leases to), or operates a place of public accommodation." 26 C.F.R. § 36.104. While this definition of public accommodation is seemingly circular in nature, the ADA provides twelve categories of public accommodations, each of which contains a series of related entities. 42 U.S.C. § 12181(7). Specifically, the ADA provides that "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or retail establishment" are places of public accommodation. 42 U.S.C. § 12181(E); see also Adelman v. Acme Markets Corp., No. 95-4037, 1996 WL 156412, at *1 (E.D. Pa. April 3, 1996) ("a grocery store is a 'place of public accommodation'"). Therefore, Genuardi's Newtown Store is considered a place of public accommodation under Title III of the ADA.

---

[5] We will assume for purposes of this summary judgment motion only that Mr. Douris can allege facts sufficient to prove that he is disabled under Title III of the ADA.

3.      Mr. Douris Cannot Demonstrate That Genuardi's Newtown Store
        Has Architectural Barriers That Are Prohibited Under The ADA

Title III requires that a public accommodation actively remove architectural and

communication barriers that are structural in nature from its premises if doing so is "readily

achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).  Architectural barriers are those physical portions

of a facility that impede access for people with disabilities.  (Title III Technical Assistance

Manual, § 4.4100.)  A public accommodation is required to remove barriers in areas open to the

public only.  Moreover, a public accommodation need only remove barriers within its control.

Barrier removal under Title III of the ADA must comply with the alteration requirements

outlined in the ADA Accessibility Guidelines ("ADAAG"), which apply to both newly-

constructed and altered buildings and are found in Appendix A of 28 C.F.R. Part 36.  The

ADAAG provide detailed construction and design specifications aimed to create greater

accessibility for individuals with disabilities.

In this case, even assuming that the alleged barriers identified by Mr. Douris violate the

mandates of Title III, Genuardi's Newtown Store has rectified each allegation.  Thus, Mr.

Douris' Title III claims must be dismissed as moot.

a.      *Genuardi's Newtown store has made the Turn-o-matic*
        *accessible by adding an "Ask for Assistance" sign.*

Under the ADAAG, Genuardi's Newtown store has no specific obligation to make

alterations to the Turn-o-matic.  However, in an effort to ensure that Mr. Douris and other

similarly-situated individuals are able to be served more efficiently at the deli counter,

Genuardi's Newtown Store has placed a sign on the Turn-o-matic which reads "Ask for

Assistance."  (Sowards Aff. at ¶ 9.)  Individuals at Genuardi's Newtown Store who are unable to

pull a number from the Turn-o-matic may simply ask a Genuardi's employee for help.

           b.       *Genuardi's Newtown Store has made the Turn-o-matic more accessible by lowering its height.*

In order to make the Turn-o-matic at the Newtown store accessible to individuals in wheelchairs, Genuardi's lowered the height of the machine to forty-eight (48) inches above the ground.  (Sowards Aff. at ¶ 10; ADAAG § 4.2.5.)

           c.       *Genuardi's has made the pickle barrel at its Newtown Store more accessible by moving it away from the Turn-o-matic and placing an "Ask for Assistance" sign on the barrel.*

In an effort to make both the pickle barrel and the Turn-o-matic more accessible to customers at the Newtown Store, Genuardi's moved the pickle barrel away from the Turn-o-matic.  The pickle barrel is now accessible from the side.  (Sowards Aff. at ¶ 11.)  Additionally, an "Ask for Assistance" sign has been placed on the pickle barrel so that customers are aware that they can always ask a Genuardi's employee for assistance.  (Sowards Aff. at ¶ 12.)  As such, Genuardi's Newtown Store has removed any alleged architectural barriers related to the Turn-o-matic and the pickle barrel.

           d.       *Genuardi's Newtown Store has made its deli counter more accessible by adding a tray slide.*

Mr. Douris' allegation that the deli counter at the Newtown store is too high is vague and non-descriptive.  There is only one counter in the deli case lineup.  This counter has a tray slide at the pizza station, which is thirty-four (34) inches above the finished floor.  (Sowards Aff. at ¶ 13.)  According to the ADAAG, tray slides in food service lines shall be mounted no higher than thirty-four (34) inches above the floor.  (ADAAG § 5.5).  Therefore, Genuardi's Newtown Store's deli counter complies with the ADAAG.

11

e. *Mr. Douris' allegation that he is not provided with any help while shopping at Genuardi's Newtown Store does not refer to an architectural barrier that is covered by Title III of the ADA and is unsubstantiated by any facts.*

Mr. Douris has alleged no facts to support this claim or to suggest that he has been denied help when he asked for it. Further, the ADA does not require that Genuardi's shop for Mr. Douris: "While retrieving an item from a shelf may be a 'reasonable modification' to a store's self-service policy, a covered entity is not required to provide a personal shopper." Adelman, supra at *1.

f. *The customer service counter at Genuardi's Newtown Store is, in fact, accessible to an individual in a wheelchair.*

Mr. Douris alleges that the customer service counter at Genuardi's Newtown Store is not accessible to an individual in a wheelchair. In fact, the customer service counter at this store is accessible from a side approach. (Sowards Aff. at ¶ 14.) Additionally, the customer service scan card swipes are located forty-two (42) inches above the finished floor, also in compliance with the forward reach requirements of the ADAAG. (Sowards Aff. at ¶ 14; ADAAG § 4.2.5.)

g. *Genuardi's Newtown Store replaced its copy machine with a new ADA-compliant copy machine.*

Mr. Douris alleges in his Complaint that the copy machine at the Newtown store is not accessible to an individual in a wheelchair. However, Genuardi's Newtown Store has replaced the old copy machine with a new ADA-compliant copy machine. (Sowards Aff. at ¶ 15.) Therefore, Genuardi's has removed this alleged architectural barrier, despite the fact that the ADAAG do not specifically require it to do so.

h.  *The beverage machine at Genuardi's Newtown Store is accessible to an individual in a wheelchair.*

The beverage machine at Genuardi's Newtown Store is front accessible and the beverage machine operation levers are located at forty-five (45) inches above the finished floor, which is well within the ADAAG forward accessible reach limitation of forty-eight (48) inches. (Sowards Aff. at ¶ 16; ADAAG § 4.2.5.)

i.  *Genuardi's has made the salad bar at its Newtown Store accessible by providing tray slides.*

Genuardi's has provided tray slides to each side of the salad bar at its Newtown Store at thirty-four (34) inches above the finished floor, in accordance with the ADAAG. (Sowards Aff. at ¶ 17;  ADAAG § 5.5.) Additionally, Mr. Douris can always ask a Genuardi's employee for assistance should the need arise.

j.  *Genuardi's Newtown Store has made the coffee grinder accessible by adding an "Ask for Assistance" sign.*

Genuardi's has placed an "Ask for Assistance" sign adjacent to the coffee grinder at the Newtown Store for customers who are unable to reach or access the machine. (Sowards Aff. at ¶ 18.)

k.  *The price labels at Genuardi's Newtown Store do not violate the ADA.*

It appears that Mr. Douris contends that the price tags on products at Genuardi's Newtown Store are not big enough for him to read. However, under the ADAAG, Genuardi's has no obligation to make the prices on its products bigger. Further, Mr. Douris has made no allegation anywhere in his Complaint that he suffers from any type of vision impairment that would affect his ability to read the prices on the products. If Mr. Douris has trouble reading the prices, he, like all other customers, can ask a Genuardi's employee for assistance.

13

l.      *Genuardi's Newtown Store meets all requirements for*
        *posting "handicapped signs."*

Mr. Douris alleges in his Complaint that Genuardi's Newtown Store has failed to "post

the handicapped sign out side the building." However, Mr. Douris has failed to allege where he

believes Genuardi's has an obligation to post these signs. Under the ADAAG, Genuardi's is

only required to post the following signs: (1) signs that identify permanent rooms and spaces

(ADAAG § 4.1.2(7)); (2) signs that provide direction or information about functional spaces of

the building (Id.); (3) signs that identify accessibility features and issues (e.g., parking spaces,

loading zones, entrances, bathrooms) (ADAAG §§ 4.1.2(7)(a-d) and 4.1.6(1)(h)); and (4) signs

that accompany specially designed equipment (e.g., telephones (ADAAG § 4.1.3(17)); listening

systems (ADAAG § 4.1.3(19)(b)); elevators (ADAAG § 4.10); and alarm systems (ADAAG §

4.28)). Genuardi's Newtown Store has no designated staging, loading or parcel pickup service

areas. (Sowards Aff. at ¶ 19.) Therefore, exterior handicapped signs are not required at

Genuardi's Newtown store, except at handicapped parking spaces. Signs designating

handicapped parking spaces are in place. (Sowards Aff. at ¶ 20.)

m.      *Genuardi's Newtown Store meets all requirements*
        *regarding railings on ramps.*

Finally, Mr. Douris alleges that Genuardi's Newtown Store failed to install railings on all

ramps outside the store. However, the only customer-accessible ramps that are in place in or

around Genuardi's Newtown Store are the curb ramps. (Sowards Aff. at ¶ 21.) Under the

ADAAG, Genuardi's has no obligation to install railings at curb ramps. (ADAAG § 4.8.5.)

Therefore, Mr. Douris' allegation that the absence of such railings is a violation of the ADA is

misplaced and an incorrect statement of the law.

14

4.     Because The Undisputed Facts Demonstrate That Genuardi's
       Newtown Store Complies With The ADA And The ADAAG, Mr.
       Douris' Claims Are Moot And Should Be Dismissed.

Title III of the ADA provides a private right of action for violations of the statute. This

private right of action permits any person who alleges that he has been discriminated against in

violation of the requirements of Title III to bring a civil action in U.S. District Court for

preventive relief. However, aggrieved individuals filing civil suits may not seek monetary

damages. 42 U.S.C. § 12188(b)(1); see also Disabled in Action of Metropolitan New York, No.

01 Civ. 5518 (MBM), 2003 U.S. Dist. LEXIS 5145, at *17 (S.D.N.Y. April 2, 2003) (Title III of

the ADA "gives individuals the right to seek injunctive relief but not damages"). Instead,

remedies for violations of Title III of the ADA include temporary or injunctive relief, a

restraining order, or other order mandating compliance with Title III. 42 U.S.C. § 12188(a)(2).

In his Complaint, Mr. Douris seeks monetary damages "in excess of $150,000 in damage,

plus punitive damages...." (Complaint at ¶ 70(d).) He also seeks "an amount appropriate to

compensate Plaintiff for loss, harassment, product liability, attorney fees, costs and for the

deprivation of Plaintiffs rights." (Complaint at ¶ 70(c).) However, Mr. Douris cannot recover

monetary damages for violations of Title III. Mr. Douris is entitled only to injunctive relief,

including "an order to alter facilities to make such facilities readily accessible to and usable by

individuals with disabilities. . . ." 42 U.S.C. § 12188(b)(2).

In order for this Court to render injunctive relief under the ADA, the case itself may not

be moot. Mootness has been defined as "the doctrine of standing set in a time frame: The

requisite personal interest that must exist at the commencement of the litigation (standing) must

continue throughout its existence (mootness)." Filardi v. Loyola University, No. 97 C 1814,

1998 US Dist. LEXIS 3000, at *12 (N.D. Ill. March 12, 1998). A claim for injunctive relief is

moot if "it is absolutely clear that the allegedly wrongful behavior could not reasonably be

15

expected to occur." <u>Friends of the Earth, Inc. v. Laidlaw Environmental Services</u>, 528 U.S. 167, 190 (2000).

As set forth above, Genuardi's Newtown Store has removed all architectural barriers that were alleged in Mr. Douris' Complaint, in addition to other potential barriers that were not even specifically identified. Thus, Mr. Douris' claims against Genuardi's under the ADA are moot. <u>See</u> <u>Baltimore Neighborhoods, Inc. v. LOB Inc.</u>, 92 F. Supp.2d 456 (D. Md. 2000) (court found plaintiff's ADA claims moot when alleged violations had been remedied, in light of the fact that the ADA only provides for injunctive relief). There is no reasonable expectation that the alleged violations will recur and the alterations to the store have completely eliminated the effects of the alleged Title III violations. <u>Id.</u> at 461. If Mr. Douris were to prevail on his claims under 42 U.S.C. § 12182(b)(2)(A)(iv), he would only be entitled to injunctive relief, which would include "an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities. . . ." 42 U.S.C. § 12188(a)(2); <u>Disabled in Action of Metropolitan New York v. Trump International Hotel & Tower</u>, <u>supra</u> at *17. Since Genuardi's has already altered its Newtown Store to make it accessible for individuals with disabilities, Mr. Douris is not entitled to any additional relief under the ADA. Therefore, Mr. Douris' claims under the ADA must be dismissed as a matter of law.

## IV.    CONCLUSION

Plaintiff James George Douris has attempted to use the resources of this Court to pursue personal nuisance claims against Genuardi's Family Markets. His complaints stem from his annoyance at receiving circulars in the mail and allegedly finding a hair in a sandwich, and they

were exaggerated into this federal case.  At this time, Genuardi's maintains that Mr. Douris'

remaining claims, revealed as legally and factually deficient, should be dismissed pursuant to

Rule 56.

Respectfully submitted,


/s/  Kristine Grady Derewicz
Kristine Grady Derewicz
Erika B. Fisher
Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102
(267) 402-3003
(267) 402-3131 - fax
kderewicz@littler.com
efisher@littler.com

Attorneys for Defendant
Genuardi's Family Markets

Dated:  June 24, 2004

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JAMES GEORGE DOURIS                              No. 03 - C V - 3076
       Plaintiff
    V.                                               JURY TRIAL DEMANDED

GENUARDI'S  FAMILY MARKETS                       FILED
       Defendant                        CIVIL ACTION

MAY 2 0 2003

MICHAEL E. KU__, Clerk
By _____ Dep. Clerk

## VERIFIED COMPLAINT

### I JURISDICTION

1, Jurisdiction is conferred upon this Court pursuant to 42 U.S.C. Section 1983, et.al.,
the Civil Rights Act of 1964, and 1991, United States Constitution ( A.D.A.) and the Pennsylvania
State Constitution ( Pa.H.R.A. ), Harrasment and Product liability action. Venue is proper in the
Eastern District of Pennsylvania for all causes of actions accrued in the Eastern Distrct of
Pennsylvania, Defendant holds an open business in the District.

### II PARTIES

2. James George Douris, hereafter Plaintiff,.is pro se, is a person and a citizen of the
United States, Commonwealth of Pennsylvania and Bucks County, who resides at 728 Tower
View Drive, Bucks County,  Pennsylvania 18940.

3. Genuardi's Family Markets, hereafter Defendant, is a business that is incorparated in
the state of Pennsylvania, open to the public to sell food products, a person as inteded by 42
USC 1983, and uses the address at 2890 Eagle Road, Newtown, Bucks County, Pennsylvania.

### FACTS

4. Plaintiff on or about May 15, 2001 bought ( 4 ) sandwiches at Defendant store. The
sandwichs were made by Defendant on or about May 15, 2001.

5. Plaintiff brought the food home for his family to eat for lunch on or about May 15,
2001. While eating part of the sandwich, ( one ) of the sandwiches had a long blond hair in it.

6. At that point in time Plaintiff stoped eating the food. Plaintiff lost his craving / hunger
to eat the food on that day and night on or about May 15, 2001. The hair was in Plaintiff's mouth
and made him feel sick.

7. Plaintiff's family also felt sick when they saw the hair in the sandwich.

8. Plaintiffs peacefull family meal time was disrupted by this foreign matter of hair.

9. Plaintiff was so sick he did not want to eat any food / sandwichs for a few days.

10. Almost two years later, Plaintiff can still remember the gross feeling, human hair in his mouth from the hair in the sandwich from Defendant's business.

11. Defendant bothers Plaintiff so that every time he reads / hears the name of the Defendant Genuardi's Family Markets he feels sick. Defendant sends out weekly mailings to the area residents and to Plaintiff.

12. When Plaintiff sees any sandwich food from the Defendant he feels sick.  So sick Plaintiff has called and mailed letter to the Defendant asking them to stop sending him there weekly mailings.

13. Defendant has failed to stop harrassing Plaintiff with there weekly mailings.

14. Plaintiff is a disabled United States Veteran. Who uses a wheelchair to move around because of his impairments of arthritis in his knees.

15. Plaintiff finds Defendant business not accessible to him in a wheelchair and with his hand impairments. Requirements of federal law, Americans With Disablies Act of 1990 and as to Pennsylvania Human Relation Act., a business open to the public.

16. Defendant have with in a few years remodeled the store. By adding a fast food area with a new outside door.

17. Defendant have more then 25 employees and have a gross income of more then a Billion dollars, to provide the means of correcting the discrimination and unhealth food service.

## COUNT I

### FIRST AMENDMENT AND AMERICAN WITH DISABLITIES ACT.
#### 42 U.S.C. 1983

18 Plaintiff repeats and incorporates paragragh 1 through 17 herein and as though fully set forth below.

19. Defendant system of deli service, is that you pinch & pull a number from the red machine and wait untill your number is called out. The idea of pinching & pulling a number is not

accessible to Plaintiff because of both of his hands have impaiments and his back impairment.

20. Deli red machine with the numbers are above the height limit and out of reach for Plaintiff, who is in a wheelchair and who has a disablties in his hands and back.

21. Red machine in the deli that holds the numbers is blocked by a barrel of pickles. Plaintiff is in his wheelchair can not reach machine with the pickel barrel blocking the machine.

22. The deli counter is also above the height limit for a person who uses a wheelchair.

23. When Plaintiff does shop at Defendants store he is not given any help in shopping.

24. Defendant counter at customer service is not accessible to people in a wheelchair.

25. Defendant has failed to make a business policy, accessible to people with impairments, like the copy machine, soft drink fountain, coffee, salad bar and pickle barrel.

26. Defendant has failed to make the business practices, accessible to people with impairments. Like the copy machine, soft drink fountain, coffee, salad bar, pickel barrel,red deli machine and prices are not clear or big to read for the products, and eating in area, as required.

27. Defendant has failed to make the business procedures accessible to people with impairments. Like the copy machine, soft drink fountain, coffee, salad bar, pickel barrel, red deli machine, service counters, and eating in table area, as required.

28. Defendant have failed to post the handcapped sign out side the building, as required.

29. Defendant have failed to install railings on all ramps, as required.

30. Defendant have failed to provide accomodations to their shoppers, as required.

31. Defendant has sent advertisements by mail to Plaintiff to harrass.

## COUNT II
## CIVIL RIGHTS 42 U.S.C. 1983 et. seq.

32. Plaintiff repeats and incorporates paragragh 1 through 31 herein and as though fully set forth below.

33. Defendant has failed to provide the business to be accessible to people like Plaintiff who are handicapped disabled or / and impaired, as required to prevent discrimination.

34. Defendant have restricted the use and Plaintiffs right to use the business open to the public, by Defendant's methods of discrimination, by not being accessible to Plaintiff.

## COUNT III
## PRODUCT LIABILITY

35. Plaintiff incorporates paragraph 1 through 30 to 34 herein and as though fully set forth below.

36. Defendant failed to instruct there employees to wear hair nets.

37. Some employees wear base ball style caps around food preparing area.

38. Some employees do not wear any hat or hair net around prepairing food. ,

39. Defendant failed to prevent the hair from falling in to the food, as required.

40. Plaintiff was sick by the unhealthy hair in his sandwich, that could have been prevented only if Defendant took the proper method required by food handlers to wear hair nets.

41. Plaintiff's peacefull family meal time was disruped by the foreign matter of hair.

42. Plaintiff's life was disrupted by the hair in his sandwich, bought from Defendants store that prepares food to eat in or take home.

43. Plaintiff has memories of the feeling of the long un-health human hair in his mouth while eating Defendant's sandwich.

## COUNT IV
## HARRASSMENT

44. Plaintiff repeats and incorporates paragraph 1 though 43 herein and as though fully set forth below.

45. Plaintiff had contacted Defendant by phone to stop sending advertisement to his home, as the memories of the hair feeling in his mouth made Plaintiff feel sick.

46. Defendant have not stoped sending advertisements to Plaintiff.

47. Plaintiff had written a letter asking the Defendants to stop sending advertisements to his home, as the memories of the hair in his mouth made Plaintiff feel sick.

48. Defendant have not stop sending advertisements by nail to Plaintiffs home.

49. Defendant have sent advertisement to Plaintiffs home by mail after being sent a letter to stop sending advertiesments weekly.

## COUNT V
## PENNSYLVANIA FIRST AMENDMEND and PENNSYLVANIA HUMAN RELATIONS ACT.

50. Plaintiff repeats and incorporates paragraph 1 though 49 herein and as though fully set forth below.

51. Plaintiff is handicapped, uses a wheelchair, Defendant fails to provide accomodations to Plaintiff, required by law.

52. Defendant business is not accesssible for Plaintiff who is disabled.

53. Plaintiff uses Defendant's business but is restricted in movment and use.

54. Plaintiff can not use Defendants copy machine as others can who are not disabled.

55. Plaintiff can not use Defendant salad bar tongs or even get salad while others who are not disabled can get salad.

56. Plaintiff can not use Defendant soft drink fountain and / or coffee as others can, who are not disabled in a wheelchair and / or with hand impairments can.

57. Plaintiff can not use Defendant red deli machine and others can, who are not disabled in a wheelchair.

58. Defendant have not installed railings for the ramps to and from the store.

59. Defendant have not installed the ramps to be safe, so that wheelchair persons going down the ramps do not go into car & truck traffic.

60. Defendant failed in eliminating all hazards to people who use wheelchairs and who are handicapped and / or disabled with impairments, as required.

## COUNT VI
## STATE PRODUCT LIABILITY

61. Plaintiff repeats and incorporates paragraph 1 though 60 herein and as though fully set forth below.

62. Defendant fails to comply to Pennsylvania health laws about hair nets.

63. Defendant fails to follow state health laws about hair nets.

64. Defendant fails to protect the public by not following laws.

65. Defendant fails to keep the food area clean of human hair.

## COUNT VII
## STATE HARRASSMENT

66. Plaintiff repeats by incorporates paragraph 1 though 65 herein and as though fully set forth below.

67. Plaintiff contacted the Defendant by phone and ask to stop any advertisements mailed to Plaintiffs home.

68. Defendant has not stoped sending advertisements to Plaintiffs home by mail.

69. Plaintiff contacted Defendant by letter asking to stop any and all advertiesments mailed to Plaintiffs home, Plaintiff asks for relief of all advertisement directed to Plaintiff.

70. WHEREFORE, Plaintiff prays the Court:

( a ) enter judgment for him and against Defendant,

( b ) hold the Defendant liable,

( c ) award Plaintiff an amount appropriate to compensate Plaintiff for loss, harrassment product liability, attorney fees, costs and for the deprivation of Plaintiffs rights.

( d ) award Plaintiff an amount in excess of $ 150.000. in damages, plus punitive damages, injuctive relief and any other relief the Court deems appropriate.

( e ) declare the polices, practices, procedures, acts of the Defendant illegal and having denied the Plaintiff his federal and state rights.

( f ) declare the Defendant business polices of food handling of products unsafe.

## VERIFICATION

I James George Douris verify the facts contained in this Complaint as true and correct to the best of my information, knowledge and belief. I understand that any intentional falsehood subjects me to punishment by the laws of the United States.

Date May 13, 2003

James George Douris marks an X as his signature due to has hands impairment.
728 Tower View Drive
Newtown, Pa. 18940

# EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES GEORGE DOURIS | : | CIVIL ACTION NO. |
| **Plaintiff,** | : | 03-CV-3076 |
| | : | |
| v. | : | |
| | : | |
| GENUARDI'S FAMILY MARKETS | : | FILED VIA ECF |
| | : | |
| **Defendant.** | : | |

<u>AFFIDAVIT OF WALTER SOWARDS</u>

Walter Sowards, having been duly sworn according to law, deposes and says as follows:

1.      I am the Construction Project Manager II for Genuardi's Family Markets. I have held this position since July 2001.

2.      My office is located at Genuardi's corporate office at 301 East Germantown Pike, Norristown, Pennsylvania 19401.

3.      In my capacity as Construction Project Manager II, I am responsible for the construction management and execution of new stores, store remodels, and other special capital projects as assigned by the Director of Construction.

4.      In my capacity as Construction Project Manager II, I am the individual responsible for working with the contractor to ensure that the Genuardi's retail grocery stores within my territory are in compliance with the requirements of the Americans with Disabilities Act ("ADA").

5.      There are approximately thirty-nine (39) Genuardi's retail grocery stores in Pennsylvania and New Jersey within my territory.

6.    Genuardi's operates a retail grocery store at 2890 South Eagle Road, Newtown, Pennsylvania 18940 (hereinafter referred to as "Genuardi's Newtown Store"), and this store is within my territory.

7.    Genuardi's leases the space for its retail grocery store at 2890 South Eagle Road from Kramont Realty Trust.

8.    Genuardi's has made changes to its store at 2890 Eagle Road, Newtown, Pennsylvania in order to ensure that it is in compliance with the requirements of the ADA Accessibility Guidelines ("ADAAG").

9.    Genuardi's Newtown Store has placed an "Ask for Assistance" sign on the Turn-o-matic near the deli counter.

10.    Genuardi's Newtown Store has lowered the height of the Turn-o-matic to forty-eight (48) inches above the ground.

11.    In order to make the pickle barrel accessible to individuals in wheelchairs, Genuardi's Newtown Store moved the pickle barrel away from the Turn-o-matic.  It is now accessible from the side.

12.    An "Ask for Assistance" sign has been placed on the pickle barrel at Genuardi's Newtown Store.

13.    The only counter in the deli case lineup at Genuardi's Newtown Store has a tray slide at the pizza station that is thirty-four (34) inches above the finished floor.

14.    The customer service counter at Genuardi's Newtown Store is accessible from a side approach.  The customer service scan card swipes at Genuardi's Newtown Store have been lowered to a screen height of forty-two (42) inches above the finished floor.

15. The copy machine at Genuardi's Newtown Store has been replaced with a new ADA-compliant copy machine.

16. The beverage machine at Genuardi's Newtown Store is front accessible and the beverage machine operation levers are located forty-five (45) inches above the finished floor.

17. Genuardi's Newtown Store has provided tray slides to each side of the salad bar at thirty-four (34) inches above the finished floor.

18. Genuardi's Newtown Store has placed an "Ask for Assistance" sign adjacent to the coffee grinder for customers who are unable to reach or access the machine.

19. The Genuardi's Newtown Store has no designated staging, loading or parcel pickup service areas.

20. Handicapped parking spaces at Genuardi's Newtown Store are designated as such with appropriate signs.

21. The only customer-accessible ramps that are in place in or around Genuardi's Newtown Store are the curb ramps.

## CERTIFICATE OF SERVICE

I, Kristine Grady Derewicz, hereby certify that a true and correct copy of the foregoing

Defendant Genuardi's Family Markets' Motion for Summary Judgment and Memorandum of

Law in support thereof was served this date, via first class mail, upon:

> James George Douris
> 728 Tower View Drive
> Newtown, PA 18940

> /s/  Kristine Grady Derewicz
> Kristine Grady Derewicz

Dated: June 24, 2004